[No. 22976. Department One. April 27, 1931.]

T. J. HAYDEN, *Respondent*, v. ALBERT A. JOHN *et al.*, *Appellants.*[1]

*Snively & Bounds*, for appellants.
*Grady & Velikanje*, for respondent.

MITCHELL, J.—This is an action on a promissory note made and delivered by J. H. Carstens, payable to the order of John & Sons, who, for a valuable consideration, endorsed the same in blank and delivered it to the plaintiff, prior to the maturity of the note. By an affirmative answer, the defense was interposed that, at the time of the endorsement and delivery of the note to the plaintiff, there was at the same time, and as a part of the same transaction, a written agreement delivered to the endorser that the endorsee took the note without recourse against the endorser. This was denied by the plaintiff's reply. Upon the trial, without a jury, findings, conclusions, and judgment were entered in favor of the plaintiff against Albert A. John, it appearing that he was the real party payee in the note, engaged in business in the trade name of John & Sons. The defendant has appealed.

Respondent's answer, by way of proof and argument to the affirmative defense, is two fold: (1) that, as a matter of law, the defense asserted by the appellant in his answer is not available under the facts and circumstances claimed to have been proven, and (2) that, as a matter of fact, there was no agreement on the part of the plaintiff to accept the endorsement without recourse. The trial court decided the case upon the second ground, and we follow that course without discussing or deciding the other contention.

The appellant relies upon an instrument purporting to waive recourse against the endorser and to have been signed in the name of the plaintiff by another, asserted to be a partner of the plaintiff in the transaction, and, as such, interested in the proceeds of the note endorsed to the plaintiff; and, further, that the one thus signing plaintiff's name was specifically authorized to do so by the plaintiff, the endorsee. The appellant introduced testimony tending to establish his contentions, all of which was contradicted by the respondent. An issue of fact was thus presented.

[1]Reported in 298 Pac. 317.

The trial judge had the advantage of observing the manner of the witnesses in testifying, because of which we, of course, defer largely to his judgment, but in addition to that consideration, the circumstances and surroundings of the witnesses with reference to important facts mentioned by them and the apparent reason, or lack of it, in making their respective explanations and assertions, altogether too extensive to be set out in detail, lead, by a clear preponderance of the evidence, to the findings and judgment from which the appeal was taken.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.